# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

J. R. BREWER                                                                                 PLAINTIFF

v.                                              CIVIL ACTION NO. 2:12-CV-14-KS-MTP

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC., et al.                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendants' Motion to Dismiss [18] for Plaintiff's failure to exhaust his administrative remedies. Accordingly, this case is **dismissed without prejudice.**

## I. BACKGROUND

On or about April 29, 2002, Plaintiff injured his neck during the course of his employment with Defendant Georgia-Pacific, LLC. He returned to work, but on or about January 10, 2004, he injured his knee on the job. Once again, he returned to work, but on or about July 25, 2004, he suffered another work-related injury – this time to his back and neck.

Plaintiff filed a workers' compensation claim, and on or about October 19, 2006, the Mississippi Workers' Compensation Commission (the "Commission") entered an order [1-3] granting a settlement in the matter. At the time the order was entered, Defendant had already paid approximately $44,559.70 in indemnity benefits and over $95,000.00 in medical benefits. Despite the existence of a dispute as to whether Plaintiff sustained any permanent disability or loss of wage-earning capacity from his

on-the-job injuries, Defendant agreed to pay Plaintiff $82,500.00 for indemnity benefits only, with future medical benefits remaining open, in a full and final settlement of all claims for indemnity benefits arising out of his employment by Defendant prior to the entry of the Commission's order.

On August 5, 2009, Plaintiff visited a doctor who recommended further treatment. He forwarded the doctor's recommendation to Defendant Sedgwick Claims Management Services, Inc., which denied the claim on September 9, 2009, asserting that the treatment was not medically necessary. Over the course of the next seventeen months, Plaintiff provided further information about the proposed treatment, including having his doctor discuss the proposed treatment with Defendants directly. However, Sedgwick continued to deny the claim, providing notices of denial on September 9, 2009; September 23, 2009; August 10, 2010; November 1, 2010; and February 10, 2011.

Accordingly, Plaintiff filed a complaint in the Circuit Court of Perry County, Mississippi, on December 16, 2011. Therein, Plaintiff alleged that Defendants failed to pay medical benefits required by injuries he had sustained during the course and within the scope of his employment by Georgia-Pacific, and that they failed to properly investigate his claim. He asserted the following causes of action: negligence, gross negligence, misrepresentation, and fraud. He demanded a wide variety of damages, including punitive damages.

Defendants removed the case on January 25, 2011, and they filed a Motion to Dismiss or Stay [18] on May 25, 2012, which the Court now addresses.

## II. STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). "The complaint need not contain detailed factual allegations, but must state more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (punctuation omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010).

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. However, the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). A plaintiff must provide more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey*, 610 F.3d at 246

(punctuation omitted).

The Court may dismiss a case without prejudice for a plaintiff's failure to exhaust his administrative remedies. *Whitehead v. Zurich Am. Ins. Co.*, 348 F.3d 478, 480-81 (5th Cir. 2003). "In determining whether a party must exhaust administrative remedies, a federal court balances the individual's interest in retaining prompt access to the federal courts against the institutional interests favoring exhaustion." *Id.* at 481 (punctuation omitted).

### III. DISCUSSION

The Mississippi Workers' Compensation Act provides the exclusive remedy for a plaintiff who has suffered injuries on the job. MISS. CODE ANN. § 71-3-9 (2000). While the statute bars tort actions for negligent failure to pay workers' compensation benefits, it does not bar tort actions "for the commission of an intentional tort independent of the compensable injury," such as the bad faith refusal to pay benefits. *Whitehead*, 348 F.3d at 481 (punctuation omitted). However, before a plaintiff can assert an intentional tort claim against a workers' compensation carrier, he must exhaust his administrative remedies. *Id.* (citing *Walls v. Franklin Corp.*, 797 So. 2d 973, 977 (Miss. 2001)). "[A]n employee cannot allege that a carrier has refused to pay for certain medical services and supplies in bad faith in the absence of a determination by the Commission that those services and supplies were reasonable and necessary." *Id.*

Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to initiating this dispute. In response, Plaintiff argues that he did, in fact,

4

exhaust his administrative remedies, as evidenced by the Commission's 2006 order approving the parties' settlement agreement. Plaintiff further argues that Defendants waived any argument related to exhaustion by failing to obtain an independent medical examination.

## A. *Exhaustion*

Mississippi law clearly provides that an "employee cannot allege that a carrier has refused to pay for certain medical service and supplies in bad faith in the absence of a determination by the Commission that those services and supplies were reasonable and necessary." *Id.*; *see also Walls*, 797 So. 2d at 977. However, the settlement of a workers' compensation claim can exhaust a plaintiff's administrative remedies under certain circumstances. *See Mississippi Power & Light Company v. Cook*, 832 So. 2d 474 (Miss. 2002). In *Cook*, the Commission approved a settlement which specifically reserved the plaintiff's right to bring a bad faith claim and left no unresolved issues related to the plaintiff's claim. *Id.* at 480.

The Commission's order of October 19, 2006, only granted a settlement of the indemnity portion of Plaintiff's claim. The Commission specifically provided that his claim for future medical benefits would remain open, and it did not address the reasonableness or necessity of any future medical services. Furthermore, the order does not specifically reserve any right to bring a bad faith claim with respect to future medical services. Therefore, *Cook* – a case in which the Commission approved a complete settlement and specifically reserved the plaintiff's right to bring a bad faith claim – is distinguishable. As Plaintiff has not received a determination from the

5

Commission as to the reasonableness or necessity of the disputed medical services, he has not exhausted his administrative remedies. *Whitehead*, 348 F.3d at 481; *Walls*, 797 So. 2d at 977.

## B. *Waiver*

Plaintiff also argues that Defendants waived any argument related to exhaustion by failing to obtain an independent medical examination, but Plaintiff cited no Mississippi law in support of this argument. Accordingly, the Court rejects it.

## IV. CONCLUSION

For the reasons stated above, the Court **grants** Defendants' Motion to Dismiss [18]. Accordingly, this case is **dismissed without prejudice**.

SO ORDERED AND ADJUDGED this 20th day of June, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE